Maria Elena Cardenas **BELMONTES;**
Ignacio Millares Anguiano,
Petitioners,

v.

Alberto R. **GONZALES, Attorney**
General, Respondent.

No. 05–71034.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Sean Olender, Olender Law Office, San Mateo, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BEEZER, FERNANDEZ and McKEOWN Circuit Judges.

MEMORANDUM **

Maria Elena Cardenas Belmontes and Ignacio Millares Anguiano, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming without opinion an immigration judge's ("IJ") decision denying their application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part, deny in part, and grant in part the petition for review.

We lack jurisdiction to review the petitioners' claim of ineffective assistance of counsel because they failed to raise it before the BIA. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) ("an alien who argues ineffective assistance of counsel [is required to] exhaust his administrative remedies by first presenting the issue to the BIA.").

To the extent the petitioners challenge the agency's discretionary hardship determination, we lack jurisdiction. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929 (9th Cir.2005).

The petitioners' contention that the BIA violated their due process rights by granting their previous counsel's motion to withdraw is unavailing. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prejudice to prevail on a due process challenge).

The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**